# United States Court of Appeals

### For the Eighth Circuit

_____

No. 25-2666

_____

United States of America

*Plaintiff - Appellee*

v.

Latroy L. Currie, also known as Mook

*Defendant - Appellant*

_____

No. 25-3141

_____

United States of America

*Plaintiff - Appellee*

v.

Malik K. Marshall, also known as Thang, also known as M. Thang

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: April 15, 2026
Filed: August 5, 2026
_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.
_____

LOKEN, Circuit Judge.

Co-defendants Latroy Currie and Malik Marshall were leaders of a large bank fraud conspiracy. The conspirators acquired stolen checks by purchase or theft, then created fictitious businesses with names similar to the stolen checks' intended recipients, opened fraudulent bank accounts for those businesses, deposited the checks, and withdrew the money. The conspirators attempted to deposit at least $15 million and successfully obtained over $2.9 million of fraudulent proceeds.

Currie was a founding member of the conspiracy, participating from December 2021 through at least August 2024. He pleaded guilty to conspiracy to commit bank fraud, 18 U.S.C. §§ 1344, 1349. His Presentence Investigation Report (PSR) calculated an intended loss of $15.4 million and an actual loss of $2.9 million. Marshall joined the conspiracy no later than January 2023. He pleaded guilty to conspiracy to commit bank fraud and to money laundering over $10,000. His PSR calculated an intended loss of $10.9 million and an actual loss of $1.6 million. For the fraud offenses, both PSRs applied a 20-level enhancement based on the intended loss amount. See USSG § 2B1.1(b)(1)(K).

At sentencing, the district court[1] adopted the PSRs' findings including the 20-level intended fraud enhancements. It sentenced Currie to 135 months and Marshall to 188 months imprisonment for the bank fraud offenses and Marshall to a concurrent

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

120 months for his money laundering offense. They separately appeal their sentences. The sole issue raised in each appeal is whether the district court erred in using intended loss in calculating the advisory sentencing guidelines range. We have not consolidated the appeals, but they raise the same issue so we will address them in a single opinion. See United States v. Shuler, 598 F.3d 444, 446 (8th Cir. 2010).

Section 2B1.1 of the Guidelines provides the base offense level for embezzlement, theft, fraud, and other economic offenses. It provides for an enhancement "[i]f the loss exceeded $6,500" in § 2B1.1(b)(1), with escalating penalties for greater losses. The commentary explains that "loss is the greater of actual loss or intended loss." USSG § 2B1.1, comment. (n.3) (2023).

In Stinson v. United States, 508 U.S. 36, 38 (1993), the Supreme Court held that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Our cases have followed and applied this commentary since at least 1997, "look[ing] to the amount of loss a defendant actually intended to cause his creditors." United States v. Holthaus, 486 F.3d 451, 455 (8th Cir. 2007) (citations omitted). Defendants argue Stinson no longer correctly describes the deference we must give to Sentencing Guidelines commentary after the Supreme Court's decision in Kisor v. Wilkie, 588 U.S. 558 (2019).[2] The

_____

[2]Anticipating this issue, the Sentencing Commission amended § 2B1.1 in November 2024, moving the intended loss language from the commentary to the text of the Guideline. See USSG § 2B1.1, note (A) (2024). Currie and Marshall were sentenced in August and October 2025. Ordinarily, the 2024 Sentencing Guidelines would apply, but the *Ex Post Facto* Clause complicates the analysis because it applies to a "retrospective increase in the Guidelines range [that] creates a sufficient risk of a higher sentence." United States v. Roberts, 747 F.3d 990, 991 (8th Cir. 2014), quoting Peugh v. United States, 569 U.S. 530, 544 (2013); see USSG § 1B1.11(b)(1).

Supreme Court has granted certiorari to consider a circuit split on this issue. See Beaird v. United States, No. 25-5343, 2026 WL 1052007 (U.S. Apr. 20, 2026).

In United States v. Nock, we rejected this argument, as both defendants acknowledge:

> [E]ven after Kisor we consider the Guidelines together with their commentary . . . [which] will be given controlling weight unless plainly erroneous. Our court, moreover, has applied the commentary directing courts to use the greater of actual and intended loss even after Kisor. Precedent therefore forecloses Nock's contention.

148 F.4th 607, 619 (8th Cir. 2025) (quotation and citations omitted), cert. denied, 146 S. Ct. 1814 (2026). Therefore, the district court correctly followed controlling Eighth Circuit precedent when it considered intended loss in calculating Currie and Marshall's offense levels.

As this is the sole argument Currie and Marshall raise on appeal, the judgments of the district court are affirmed.

_____